WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Charles Loomis,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-14-00445-PHX-JAT<br><br>**ORDER** |

    Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. On September 1, 2015, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied. Petitioner was granted an extension of time until November 2, 2015, to file objections to the R&R.

    Instead of filing objections, Petitioner filed a motion to amend or alternatively stay his Petition. Doc. 19. Petitioner seeks to amend to add a claim that the state courts applied the wrong state statute of limitations to Petitioner's case. If this Court will not allow amendment, Petitioner seeks a stay to present this claim to the state courts.

    Respondents oppose the stay or amendment. Doc. 20. Petitioner filed his Petition on the last day to meet the statute of limitations under AEDPA. R&R at 3. Thus, Respondents note that any new claims added now would be barred by the statute of limitations. Doc. 20 at 2-3. Further Respondents argue that Petitioner's new claim does not relate back to his timely filed Petition. *Id.* The Court agrees with Respondents that any proposed amendment would be untimely, and would not relate back to the original

1 Petition. Thus, this Court will deny amendment because any amendment would be futile procedurally.

Second, and alternatively, Respondents note that habeas relief is not available for errors of state law; and Petitioner's proposed new claim would allege a violation of only state law. Doc. 20 at 3-4. This Court agrees with Respondents that Petitioner is attempting to allege an error of state law that would not be cognizable on habeas. For this reason, any amendment would be futile on the merits; and, this Court will deny the request to amend on this alternative basis.

Because, even if this claim were exhausted in state court, it would still not provide a basis for federal habeas relief, this Court will not stay consideration of this case to permit Petitioner to return to state court.[1] Accordingly,

**IT IS ORDERED** that the motion to amend or alternatively stay this case (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that any objections to the R&R are due by February 22, 2016.

Dated this 20th day of January, 2016.

James A. Teilborg
Senior United States District Judge

---

[1] Nothing in this Order prohibits Petitioner from attempting to present the new claim to the state courts should he deem such an effort to be worthwhile; but for the reasons stated herein, the Court will not stay this federal habeas case.